# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CEDRIC A. GRAY,

    Petitioner,

  v.        Case No. 25-CV-877

GARY BOUGHTON,

    Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

  Cedric A Gray, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Although he initially requested leave to proceed without prepayment of the filing fee (ECF No. 2) Gray subsequently paid the filing fee. Therefore, the court will dismiss as moot his motion to proceed without prepayment of the filing fee.

  Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

  Gray has pursued relief in the Wisconsin Court of Appeals and Wisconsin Supreme Court (ECF No. 1 at 3) and therefore has plausibly exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). There is no indication that he has

previously sought federal habeas relief. *See* 28 U.S.C. § 2244(b). And his petition contains at least one plausibly cognizable claim. (ECF No. 1 at 6.)

However, his petition appears to be a few months late. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This one-year clock generally starts running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Gray states that direct review of his conviction concluded in February 2024 when the United States Supreme Court denied his petition for certiorari. (ECF No. 1 at 4.). The Supreme Court's online docket states that the Court denied the petition on February 26, 2024. *See Gray v. Wisconsin*, No. 23-6641 (Sup. Ct.).

Gray then had one year to file a petition under § 2254. Gray certifies that he mailed (and thus filed, *see Taylor v. Brown*, 787 F.3d 851, 858-59 (7th Cir. 2015) (discussing the prison mailbox rule))) his petition on June 14, 2025. (ECF No. 1 at 15.) There is no indication that Gray pursued any collateral relief in the year following the Supreme Court's denial of his petition, and therefore there is no basis for excluding time under 28 U.S.C. § 2244(d)(2).

Timeliness, however, is an affirmative defense that the respondent may waive. *Wood v. Milyard*, 566 U.S. 463, 474 (2012). Moreover, the one-year deadline may be subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010).

Consequently, the court is unable to say that it is plainly apparent that the petitioner is not entitled to relief. The respondent shall answer the petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order**, the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. Gray shall then submit a brief in support of his petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. Gray may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss Gray's petition no later than **60 days after this order**. In the event the respondent moves to dismiss the petition, Gray shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

All of the petitioner's filings with the court shall be mailed to the following address:

Clerk of Court
Jefferson Court Building
125 S. Jefferson St - Room 102
Green Bay, WI 54301-4541

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS.

The petitioner should also retain a personal copy of each document.

The petitioner is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the petitioner must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Gray's motion to proceed without prepayment of the filing fee (ECF No. 2) is **dismissed as moot**.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 18th day of July, 2025.

*s/Byron B. Conway*
BYRON B. CONWAY
United States District Judge