UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CEDRIC A. GRAY,**

Petitioner,

v.   Case No. 25-CV-877

**GARY BOUGHTON,**

Respondent.

**ORDER**

**1. Background**

On December 5, 2019, a jury found Cedric A. Gray guilty of first-degree intentional homicide and being a felon in possession of a firearm. (ECF No. 1 at 2.) The court sentenced Gray to life on the first count and a ten-year bifurcated sentence on the second count. Gray is currently incarcerated at the Wisconsin Secure Program Facility in the custody of Warden Gary Boughton.

The Wisconsin Court of Appeals affirmed Gray's conviction on July 5, 2023. (ECF No. 1 at 3); *State v. Gray*, No. 2021AP294-CR, 2023 Wisc. App. LEXIS 721, 2023 WL 4348548 (Wis. Ct. App. July 5, 2023). Gray subsequently sought review in the Wisconsin Supreme Court, which was summarily denied on October 30, 2023. (ECF No. 1 at 3); *State v. Gray*,

No. 2021AP294-CR, 6 N.W.3d 260 (Wis. Oct. 30, 2023). Gray then filed a petition for certiorari with the United States Supreme Court, which was denied on February 26, 2024. (ECF No. 1 at 4); *Gray v. Wisconsin*, No. 23-6641, 2024 U.S. LEXIS 1084, 2024 WL 759924 (U.S. Feb. 26, 2024).

Gray filed his petition for writ of habeas corpus in federal court on June 14, 2025. (ECF No. 1.) The Honorable Byron Conway screened the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to respond to the petition. (ECF No. 7.) Gray's petition was then reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (ECF No. 17.) The respondent filed a motion to dismiss (ECF No. 10), Gray responded (ECF No. 22), and the respondent replied (ECF No. 23).

## 2. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for petitioners seeking federal habeas relief. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of the following four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

3. **Analysis**

The United States Supreme Court denied Gray's petition for certiorari on February 26, 2024. (ECF No. 1 at 4.) Therefore, Gray had until February 26, 2025, to timely file a federal habeas petition. *See United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000) ("For defendants who try unsuccessfully to take their case to the Supreme Court, their judgments of conviction become final on the date their petitions for certiorari are denied"). Gray filed his petition for a writ of habeas corpus on June 14, 2025—three months and nineteen days after the deadline for filing a federal habeas petition expired.

The respondent argues that Gray's petition should be dismissed as untimely because it was filed after the statute of limitations expired. (ECF No. 11 at 1.) The

respondent also argues that Gray is not entitled to equitable tolling because he cannot show that he diligently pursued his rights or that an extraordinary circumstance prevented him from timely filing the petition. (*Id.* at 5–6; ECF No. 23 at 2.)

In response, Gray explains that his petition was untimely because he did not know about the one-year statute of limitations. (*See generally* ECF No. 22.) He argues that he has been diligently seeking assistance to help him with his case and asks the court to excuse his "reasonable confusion of the one-year statute of limitations." (*Id.* at 2.) Gray also asks the court to "stay and abey the Federal Habeas Proceedings." (*Id.*)

Since there is no dispute that Gray's federal habeas petition was untimely filed, the court turns to the question of whether equitable tolling can forgive the tardiness. The doctrine of equitable tolling can excuse an untimely-filed habeas petition, but it is an extraordinary remedy that "is rarely granted." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (citations omitted). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 659 (2010) (internal quotations omitted). A petitioner seeking equitable tolling "bears the burden of establishing both elements of the *Holland* test; failure to show either element will disqualify him from eligibility for tolling." *Mayberry v. Dittmann*, 904 F.3d 525, 529–30 (7th Cir. 2018).

"[T]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (internal citation omitted). However, "mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required." *Mayberry*, 904 F.3d at 531. To qualify for equitable tolling, Gray had to demonstrate that he was reasonably diligent in pursuing his rights from February 26, 2024, through February 26, 2025. *See Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016); *see also Moreland v. Meisner*, 18 F.4th 261, 271 (7th Cir. 2021) (explaining that reasonable diligence requires the petitioner to prove "he diligently tried to protect his rights over time, not just at some points near the end of the limitations period").

Gray has not provided the court with any evidence that he pursued his rights diligently during the one-year limitations period. (*See generally* ECF No. 22.) Gray's attempts to obtain counsel were made after his limitations period expired and do not establish the requisite diligence required for equitable tolling to apply. *See Mayberry*, 904 F.3d at 531 (stating that for equitable tolling to apply "reasonable effort throughout the limitations period is required"); *Socha v. Boughton*, 763 F.3d 674, 688 (holding that habeas petitioner had exercised reasonable diligence when he alerted the court before his deadline arrived that he sought to preserve his rights).

Because a petitioner must show both elements of the *Holland* test to warrant equitable relief, the court's analysis could end here. *See Carpenter*, 840 F.3d at 870. But, for

5
Case 1:25-cv-00877-WED    Filed 12/22/25    Page 5 of 7    Document 24

the sake of completeness, the court will briefly consider whether Gray has stated the "extraordinary circumstances" necessary to justify equitable tolling.

An "extraordinary circumstance" is "something beyond the applicant's control, that prevents timely filing; simple legal errors, such as ignorance of the federal deadline, do not suffice." *Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020) (citations omitted). It is well settled that "[m]istakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (citing *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004)).

While the court is sympathetic to Gray's difficulties in litigating his case, his lack of legal understanding is not an "extraordinary circumstance" that entitles him to equitable tolling. *See Socha*, 763 F.3d at 685 (holding that "lack of representation is not on its own sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training").

In sum, Gray has not shown that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his petition. Additionally, his request to stay and abey his federal habeas proceedings would not help him because "a state proceeding that does not begin until the federal year has expired is irrelevant." *De Jesus v. Acebedo*, 567 F.3d 941, 943 (7th Cir. 2009). Thus, Gray's habeas petition must be dismissed.

## 4. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where a district court denies a habeas petition on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because no reasonable jurist would find it debatable whether Gray's petition was untimely, the court will deny a certificate of appealability.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss (ECF No. 10) is GRANTED. This petition and this action are dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 22nd day of December, 2025.

WILLIAM E. DUFFIN
U.S. Magistrate Judge